# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SARA P. STEVENS,**
**Claimant Below, Petitioner**

**FILED**
December 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0424** (BOR Appeal No. 2046342)
(Claim No. 2010132670)

**LOGAN REGIONAL MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sara P. Stevens, by Phillip R. Amick, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan Regional Medical Center, by Lynn Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 8, 2012, in which the Board reversed an August 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 20, 2010, Order denying Ms. Stevens's request for an arthroscopic evaluation of her left knee. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Stevens sustained an injury to her left knee on April 26, 2010, while working as a registered nurse for Logan Regional Medical Center. Her claim was held compensable for sprain of the medial collateral ligament. Ms. Stevens's MRI, on May 5 2010, showed moderate joint effusion. On May 15, 2010, Dr. McCleary found large amounts of swelling and reported that Ms. Stevens could not fully extend her knee. Dr. Tao found effusion on July 12, 2010. On August 16, 2010, he opined that an arthroscopic evaluation of Ms. Stevens's left knee was possibly necessary and that the compensable injury exacerbated an underlying condition. On August 20, 2010, Dr. Ranavaya opined that Ms. Stevens suffered from left knee osteoarthritis that was

1

naturally occurring and chronic in nature, which was not contributed to or aggravated by her work-related injury. Dr. McCleary noted that Ms. Stevens had persistent knee pain that began with her April 26, 2010, work-related injury. The claims administrator denied Ms. Stevens's request for an arthroscopic evaluation of her left knee.

The Office of Judges reversed the claims administrator's Order and held that pursuant to West Virginia Code of State Rules § 85-20-44.2.e (2006), Ms. Stevens is entitled to a diagnostic arthroscopy of her left knee as reasonably required medical treatment of her work-related injury. The Board of Review relied on Dr. Ranavaya's opinion and held that the requested diagnostic arthroscopy is related to conditions that have not been held compensable in this claim and that an arthroscopic evaluation was not medically necessary or reasonably required in the course of treatment for the work-related injury. Ms. Stevens disagrees and asserts that the Office of Judges held an arthroscopic evaluation of her left knee to be an appropriate allowable treatment for her work-related injury, and she further argues that Logan Regional Medical Center failed to demonstrate that the decision of the Office of Judges was clearly wrong. Logan Regional Medical Center argues that the requested arthroscopic evaluation of Ms. Stevens's left knee is related to preexisting degenerative diseases in her knee and not to the work-related injury in this claim.

The Office of Judges gave greater weight to the opinions of Dr. McCleary and Dr. Tao, both orthopedic physicians, who had examined Ms. Stevens. The Board of Review's Order was clearly the result of an erroneous conclusion of law. According to West Virginia Code of State Rules § 85-20-44.1 (2006), meniscal injuries occur when symptoms of pain and swelling fail to resolve in the anticipated period of time, and clinical findings may include joint space tenderness, a mild effusion and restricted range of motion. Appropriate diagnostic tests for meniscal injuries are x-rays, arthrocentesis, MRI, and diagnostic arthroscopy. West Virginia Code of State Rules § 85-20-44.2.e (2006). Dr. McCleary and Dr. Tao diagnosed Ms. Stevens with effusion and her x-ray showed effusion. Dr. McCleary noted that Ms. Stevens could not fully extend her leg and he requested an arthroscopic evaluation of Ms. Stevens's left knee. Dr. Tao opined that Ms. Stevens's work-related injury on April 26, 2010, exacerbated an underlying condition. Dr. McCleary observed that Ms. Stevens's persistent knee pain began with her work-related injury. We agree with the reasoning and conclusions of the Office of Judges and find that the record reflects significant evidence that justify an inference that Ms. Stevens's work-related injury accelerated an underlying condition causing a disability sooner than would otherwise have occurred. Therefore, Ms. Stevens is entitled to the requested arthroscopic evaluation of her left knee.

For the foregoing reasons, we find that the decision of the Board of Review was clearly the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and remanded.

Reversed and Remanded.

**ISSUED:   December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II